UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STANLEY PACKAGE EXPRESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-35 |
| ) | (VARLAN/SHIRLEY) |
| v. ) | |
| ) | |
| FEDEX GROUND PACKAGE SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Doc. 7], referring Defendant's Motion to Dismiss for Failure to Prosecute and/or Motion to Disqualify and Order Substitution of Counsel [Doc. 6], to the undersigned for disposition or report and recommendation as may be appropriate.

In its motion, the Defendant moves the Court to dismiss with prejudice Plaintiff's claim in its entirety and to tax all associated court costs against the Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 6 at 3]. In the alternative, Defendant requests that this Court find Plaintiff's counsel is disqualified and order Plaintiff to find substitute counsel within thirty (30) days of the Court's ruling motion.

The Defendant argues that substitution of counsel is necessary because Attorney David Wigler stated that he would be unable to litigate this case in federal court due to his association with the Law Offices of Herbert Moncier.[1] The Defendant maintains that the issues with Plaintiff's counsel must be resolved so that the Defendant can "take the steps necessary to

---

[1] Mr. Moncier was suspended from the practice of law in the United States District Court for the Eastern District of Tennessee for seven years, commencing April 29, 2008. See In re Herbert S. Moncier, Esq., Case No. 1:08-MC-09, Memorandum and Order, Doc. 69 at 77-78 (E.D. Tenn. April 29, 2008).

address and resolve the claim currently pending against it." [Doc. 6 at 3].

On August 29, 2011, the Court entered an Order [Doc. 8] directing the Plaintiff, along with a corporate representative and any proposed substitute counsel, and the Defendant to appear before the Court on September 28, 2011. On September 27, 2011, Attorney Jack Piper filed a Motion for Entry of Order for Substitution of Counsel [Doc. 10], along with an Agreed Order [Doc. 10-1], approved by counsel for both parties. On September 28, 2011, the undersigned signed the Agreed Order, and Attorney Piper was substituted as counsel for the Plaintiff. The status conference set for the same day was cancelled.

It appears to the Court that the Defendant's request that the Court require the Plaintiff to substitute counsel has been resolved, and it is now moot. To the extent the Motion to Dismiss for Failure to Prosecute and/or Motion to Disqualify and Order Substitution of Counsel **[Doc. 6]** requests that the Plaintiff be required to substitute counsel for Attorney Wigler, the undersigned **RECOMMENDS**[2] that it be **DENIED AS MOOT**.

Turning to the Defendant's request for dismissal and taxation of costs, the Court finds that such action would be premature and drastic at this time. The Plaintiff has substituted counsel in a timely manner, and though this case has been delayed slightly, it is still possible for the parties to be prepared to try this case on its current trial date of April 16, 2012. At this juncture, the Court does not find that the Plaintiff has failed to prosecute this action, failed to comply with the Federal Rules of Civil Procedure, or failed to comply with the orders of the Court, in a manner that would make involuntary dismissal pursuant to Rule 41(b) appropriate.

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss for Failure to Prosecute and/or Motion to Disqualify and Order Substitution of Counsel **[Doc. 6]** be **DENIED** to the extent it requests dismissal of this action and taxation of costs.

Respectfully Submitted,

 s/ C. Clifford Shirley, Jr.
United States Magistrate Judge